J-A07028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL EARL LATTIMER | : | |
| | : | |
| Appellant | : | No. 2049 MDA 2019 |

Appeal from the PCRA Order Entered December 5, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000546-2012

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:            **FILED: JULY 21, 2021**

Appellant, Russell Earl Lattimer, appeals *pro se* from the December 5, 2019 Order entered in the Bradford County Court of Common Pleas, dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  After careful review, we vacate and remand.

The relevant facts and procedural history are as follows.  In 2012, the Commonwealth charged Appellant with committing numerous sexual offenses against victims including his biological daughter and four daughters of his paramour.  A jury convicted Appellant of Rape, Aggravated Indecent Assault,

_____

[*] Former Justice specially assigned to the Superior Court.

Intimidation of Witnesses, Statutory Sexual Assault, and Indecent Assault.[1, 2] On April 2, 2013, the trial court imposed an aggregate sentence of 36 years and 2 months to 83 years of incarceration.[3] On August 1, 2014, this Court affirmed Appellant's Judgment of Sentence. *See Commonwealth v. Lattimer*, 106 A.3d 149 (Pa. Super. 2014) (unpublished memorandum). On January 14, 2015, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. *See Commonwealth v. Lattimer*, 106 A.3d 725 (Pa. 2015). Appellant did not seek review by the United States Supreme Court.

On December 4, 2015, Appellant filed *pro se* a timely first PCRA Petition, asserting that his constitutional rights had been violated, that the trial court lacked jurisdiction over him, and raising newly-discovered exculpatory evidence and ineffective assistance of counsel claims. PCRA Petition, 12/4/15, at 2. On December 28, 2015, the PCRA court appointed Andrew G. Hutz, Esquire, to represent Appellant, who, on April 22, 2016, filed an Amended

---

[1] 18 Pa.C.S. §§ 3121(a)(2), 3125(a)(7), 4952(a)(2), 3122.1, and 3126(a)(7), respectively.

[2] The Commonwealth also charged Appellant with sexual offenses at Docket No. 549-2012. Following a consolidated trial, the jury convicted Appellant of Rape, Aggravated Indecent Assault, three counts of Indecent Assault, and Sexual Assault at Docket Number 549-2012. The instant appeal concerns the dismissal of Appellant's PCRA Petition filed at Docket 546-2012 only.

[3] This aggregate sentence is comprised of Appellant's sentences at Docket Nos. 546-2012 and 549-2012.

PCRA Petition, which raised the same newly-discovered evidence and ineffective assistance of counsel claims.

On May 12, 2016, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 23, 2016, Appellant, who was still represented by Attorney Hutz, filed a *pro se* Response to the Rule 907 Notice in which he asserted, *inter alia*, that Attorney Hutz had abandoned him. Appellant requested additional time to amend his PCRA petition *pro se*. On June 29, 2016, the PCRA court dismissed Appellant's Petition.[4]

A Notice of Appeal was sent to the chambers of the PCRA court, but not filed with the Bradford County Clerk of Courts. As a result of receiving a Notice of Appeal in chambers, on August 19, 2016, the PCRA court issued an Order directing Appellant to file a Rule 1925(b) Statement.[5, 6]

---

[4] Later that same day, Attorney Hutz filed a Response to the Rule 907 Notice in which he argued that Appellant's substantive claims had merit and disputed that his ineffective assistance of counsel claim was untimely, noting that Appellant had filed his December 1, 2015 PCRA Petition within one year of the Pennsylvania Supreme Court denying his Petition for Allowance of Appeal on February 9, 2015.

[5] Because a copy of the Notice of Appeal was not provided to the Bradford County Clerk of Courts, however, the Notice of Appeal does not appear on the lower court's docket or in the certified record.

[6] However, on December 23, 2016, the PCRA court entered an Order vacating its August 19, 2016 Order directing Appellant to file a Rule 1925(b) Statement because "although [Appellant] mailed a [N]otice of [A]ppeal to the court, a [N]otice of [A]ppeal was never filed with the Clerk of Court." Order 12/23/16.

On October 25, 2016, the PCRA court issued a Memorandum Statement pursuant to Pa.R.A.P. 1925(a) indicating that, as of that date, Appellant had not complied with its Order to file a Rule 1925(b) Statement.[7]

On November 28, 2016, Appellant filed *pro se* the instant, untimely, PCRA Petition, his second. In this Petition, Appellant raised claims similar to those asserted in his first PCRA Petition and also alleged that Attorney Hutz had been ineffective for abandoning him by, *inter alia*, not filing an appeal from the June 29, 2016 Order dismissing Appellant's first PCRA Petition or a Rule 1925(b) Statement in accordance with the court's August 19, 2016 Order.[8] Petition, 11/28/16, at unpaginated 3 (asserting that counsel "had a mandatory responsibility to file a Rule 1925(b) [Statement] and Notice of Appeal, and to pursue an appeal but refused to do so."), unpaginated 4.

On March 6, 2018, Appellant filed a Supplement to his November 28, 2016 PCRA Petition seeking reinstatement of his appellate rights *nunc pro tunc* and the appointment of new counsel as a result of Attorney Hutz's alleged ineffectiveness. On July 10, 2018, the PCRA court appointed Richard Jennings, Esquire, to represent Appellant. On September 18, 2019, the PCRA Court directed Attorney Jennings to file an Amended PCRA Petition. Attorney

---

[7] The lower court docket indicates that the clerk of court served both Appellant and his counsel with a copy of this Order.

[8] Appellant did not aver that he had asked counsel to file an appeal on his behalf.

Jennings did not comply with the PCRA court's Order to file an Amended Petition.

On October 24, 2019, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Rule. 907. The court indicated that it had reviewed Appellant's Petition and concluded that there were no genuine issues concerning any material fact and that Appellant failed to allege grounds to overcome the PCRA's one-year jurisdictional time bar.

On November 7, 2019, Appellant *pro se* filed a Response to the court's Rule 907 Notice. In it, he requested leave to file an Amended PCRA petition, asserted that he had timely raised Attorney Hutz's ineffectiveness as an exception to the PCRA's time-bar, and claimed that Attorney Jennings, who still represented him, had abandoned him and been ineffective by, *inter alia*, failing to file an Amended PCRA Petition as ordered by the court.

On December 4, 2019, the PCRA Court dismissed the instant Petition. Relevantly, the court indicated that Appellant's *pro se* Response to the court's Rule 907 Notice failed to suggest the existence of any facts that would overcome the PCRA's jurisdictional time bar.

On December 18, 2019, both Attorney Jennings and Appellant filed Notices of Appeal.[9]

Appellant raises the following issues in his *pro se* Brief:

---

[9] On February 11, 2020, the PCRA court held a ***Grazier*** hearing, after which it permitted Appellant to proceed *pro se.*

- 5 -

1. Did the PCRA court err in denying Appellant's PCRA asserting Appellant failed to suggest the existence of any facts which would overcome the [PCRA's] one year time bar and where Appellant alerted the PCRA court of a defect to allow it to discern the potential for amendment where Appellant requested leave to amend pursuant to Pa.R.Crim.P. 905(A) and **Commonwealth v. Rykard**, 55 A.3d 1177 (Pa. Super. 2012), which was sufficient to warrant relief?

2. Did PCRA counsel, Richard Jennings, render ineffective assistance of counsel for failing to amend Appellant's PCRA Petition as ordered on September 18, 2019, thus abandoning Appellant in the PCRA proceeding(s) rendering the proceeding(s) uncounseled pursuant to **Commonwealth v. Hampton**, 718 A.2d 1250, 1253 (Pa. Super. 1998), and in violation of the rule based right to counsel pursuant to Pa.R.Crim.P. 904(F)(2) and **Commonwealth v. Albrecht**, 720 A.2d 693, 699-700 (Pa. 1998)?

3. Did the PCRA court err in dismissing Appellant's uncounseled PCRA [Petition]?

4. Did the PCRA court err when it refused to consider Appellant's objection/response to the PCRA court's 907 Notice of Intent to Dismiss due to hybrid representation where Appellant raised PCRA counsel's ineffectiveness at the stage where he was required to pursuant to **Commonwealth v. Pitts**, [], 981 A.2d 875 (Pa. 2009); **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014); and Pa.R.Crim.P. 907(1)?

Appellant's Brief at 4 (reordered for ease of disposition, some capitalization and suggested answers omitted).

Our standard of review is well settled. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018) (citation omitted). While we are generally bound by a PCRA court's credibility determinations, we apply a *de novo* standard of review to the court's legal conclusions. **Id.**

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. **Id.** at 17.

Here, our Supreme Court denied Appellant's Petition for Allowance of Appeal on January 14, 2015. Therefore, his Judgment of Sentence became final on April 14, 2015, when the 90-day period for filing a Petition for Writ of *Certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3). Accordingly, Appellant was required to file his PCRA Petition by April 14, 2016. Because Appellant filed the instant Petition on November 26, 2016, it is patently untimely.

However, Pennsylvania courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the appellant pleads and proves one of the exceptions to the PCRA's one-year time-bar. The PCRA provides three exceptions to its time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[10] The petitioner must plead any exception to the time-bar in the petition, and cannot raise an exception for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

"The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed." *Jones*, 54 A.3d at 17. "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Id.*

In his Petition, Appellant indicated that "governmental interference" resulted in his failure to timely raise his claim. In particular, Appellant asserted that "[t]rial counsel refused to challenge the Commonwealth's prosecuting Petition in violation of 42 Pa.C.S.§ 5552(b.1)[11] and that PCRA

---

[10] On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa. Legis. Serv. Act 2018-146, effective December 24, 2018. Importantly, the amendment applies only to claims arising on or after December 24, 2017. *See id.* Here, Appellant filed his petition before that date, on November 26, 2016. As a result, the 60-day period applies.

[11] Section 5552(b.1) requires that the Commonwealth commence a prosecution for "major sexual offenses" within 12 years of commission of the offense.

counsel refused to amend the [P]etition to challenge the violation." PCRA Petition, 11/28/16 at 3. Appellant did not further develop this assertion by explaining how a governmental official interfered with his timely presentation of this claim or how Section 5552(b.1) applied to his case.

In his November 7, 2019 *pro se* Response to the PCRA court's Rule 907 Notice, Appellant raised the newly-discovered facts exception to the PCRA's time-bar. Appellant stated that he raised his ineffective assistance of counsel claim untimely because it was previously unknown to him. Response, 11/7/19 at 2 (citing 42 Pa.C.S. § 9545(b)(1)(ii)). He explained that he learned on October 25, 2016, when the PCRA court issued its Memorandum Statement pursuant to Pa.R.A.P. 1925(a), that Attorney Hutz had been ineffective by failing to file a court-ordered Rule 1925(b) Statement and, thus, failed to preserve Appellant's right to appeal from the denial of Appellant's first PCRA Petition. ***Id.*** at 3-4. Appellant asserted that he timely filed the instant PCRA Petition 34 days later, within 60 days of the date he could have presented his claim. ***Id.***

A PCRA petitioner can invoke the newly-discovered facts exception outlined in Section 9545(b)(1)(ii) if he can establish that the facts upon which his claim is predicated were unknown to him and could not have been discovered through the exercise of due diligence. ***Commonwealth v Bennett***, 930 A.2d 1264, 1272 (Pa. 2007).

Further, discovery that prior counsel was allegedly ineffective generally is not a "newly discovered fact" which would satisfy the unknown "facts"

- 9 -

exception to the PCRA's time bar.[12] ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785-86 (Pa. 2000). A narrow exception to this general rule exists where counsel has been *per se* ineffective and the defendant pleads and proves the applicability of this exception, set forth at 42 Pa.C.S. § 9545(b)(1)(ii), in a subsequent PCRA petition. ***Commonwealth v. Peterson***, 192 A.3d 1123, 1130 (Pa. 2018) (citing ***Bennett***, 930 A.2d at 1273). In all circumstances, a petitioner must also plead and prove that he acted with due diligence by filing the subsequent petition within 60 days of learning of the claim. ***Peterson***, 192 A.3d at 1130-31, 42 Pa.C.S. § 9545(b)(2).

Appellant first claims that the PCRA court erred in finding that Appellant had not overcome the PCRA's time-bar. Appellant's Brief at 18, 21-22. We agree.

Appellant pleaded in his Response to the court's Rule 907 Notice that he had satisfied the newly-discovered facts exception to the time-bar. In particular he asserted that, due to Attorney Hutz's inaction, Appellant had lost the right to appeal from the denial of his first PCRA Petition, that Appellant learned of this on October 25, 2016, and that he timely filed a second PCRA

---

[12] Appellant asserted in his November 28, 2016 PCRA Petition that "governmental interference" resulted in his failure to timely raise his ineffective assistance of counsel claim. Claims relating to ineffectiveness of counsel do not, however, qualify as governmental interference because 42 Pa.C.S. § 9545(b)(4) provides that defense counsel are not considered governmental officials. ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 725 (Pa. 2003).

- 10 -

Petition raising a claim that Attorney Hutz was ineffective within 60 days. Nevertheless, the PCRA court declined to hold a hearing and concluded that Appellant had not "suggest[ed]" the existence of any facts that would overcome" the PCRA's jurisdictional time bar. Order, 12/4/19.

Following our review, we conclude that the record does not support the PCRA court's finding that Appellant did not plead facts that would satisfy the exception set forth at Section 9545(b)(1)(ii). Moreover, our review of the record confirms the facial accuracy of the facts pled. Thus, we conclude that the PCRA court erred in finding that it lacked jurisdiction to consider Appellant's claim that Attorney Hutz was ineffective by failing to preserve Appellant's right to appeal from the denial of Appellant's first PCRA Petition. Accordingly, we vacate and remand for the court to consider Appellant's claim of ineffectiveness.

Order vacated. Case remanded. Jurisdiction relinquished.

President Judge Emeritus Stevens joins the memorandum.

Judge Bowes files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2021

- 11 -